# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 20-2262

———————————————

United States of America

*Plaintiff - Appellee*

v.

Melissa R. Kivett

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Missouri - Joplin

——————————

Submitted: January 27, 2021
Filed: February 16, 2021
[Unpublished]

——————————

Before KELLY, MELLOY, and GRASZ, Circuit Judges.

——————————

PER CURIAM.

Melissa Kivett appeals the sentence the district court[1] imposed after she pled guilty to drug offenses. Her counsel has moved for leave to withdraw, and has a filed

———————————

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the district court's drug quantity determination, and the imposition of a firearm sentencing enhancement and role-in-the-offense sentencing enhancement. Counsel also challenges the substantive reasonableness of Kivett's sentence.

After careful review, we discern no clear error in the district court's drug quantity determination. *See United States v. Ault*, 446 F.3d 821, 823 (8th Cir. 2006) (discussing relevant conduct for purposes of drug quantity determination); *United States v. Titlbach*, 300 F.3d 919, 923 (8th Cir. 2002) (standard of review). Similarly, the district court did not clearly err in assessing the firearm enhancement, *see Ault*, 446 F.3d at 824 (discussing dangerous-weapon enhancement), or err in imposing the role enhancement, *see United States v. Camacho*, 555 F.3d 695, 705-06 (8th Cir. 2009) (discussing application of U.S.S.G. § 3B1.1).

Finally, we conclude the district court did not impose a substantively unreasonable sentence. *See United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (reviewing sentence under deferential abuse-of-discretion standard and discussing substantive reasonableness). Further, the district court imposed a sentence within the United States Sentencing Guidelines Manual ("Guidelines") range. *See United States v. Callaway*, 762 F.3d 754, 760 (8th Cir. 2014) (noting within-Guidelines sentence is presumed reasonable). Having reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we affirm, and we grant counsel leave to withdraw.

_____